# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE FRED BRADY | CV F   03 6351 REC SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (Doc. 1.) |
| WARDEN CANDELARIA, et. al. | |
| Defendants. | |

Willie Fred Brady ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 1, 2003. The action alleges that Plaintiff has been wrongfully placed in the Protective Housing Unit and that his appeals have gone unanswered.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff's claims for relief and supporting factual information are barely legible.  Plaintiff challenges his placement in the Protective Housing Unit.  Plaintiff states that upon his arrival at Wasco State Prison, he was suffering from complications from hip replacement surgery, was confined to a wheelchair and was placed in the Protective Housing Unit (PHU).  Plaintiff states that he made inquiries into why he was being permanently housed in the PHU but received no reply.  Plaintiff states he filed several grievances but they were not responded to and some returned.  Plaintiff states further that staff have refused to file some of his grievances.  Plaintiff is seeking solely monetary damages.

**C.  CLAIMS FOR RELIEF**

*1. Protective Housing Placement*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With

respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, Plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because Plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, Plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

### 2. Inmate Appeals

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Thus, the failure to process a grievance or a delay in processing a grievance does not state a

federal constitutional violation, and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff does not have a liberty interest at stake with respect to the inmate appeals process, the rejection and/or denial of Plaintiff's appeals do not give rise to a claim for relief under section 1983. Ramirez, 334 F.3d at 860; Massey, 259 F.3d at 647. As stated in the preceding subsection, to the extent that defendants violated state law by failing to comply with Title 15 regulations, those violations are insufficient to give rise to claims for relief under federal law.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Although the Court has already determined that Plaintiff fails to state any claim upon which relief can be granted under Section 1983, the Court finds further that Plaintiff fails to link any of the named individuals to any act or omission giving rise to the violation of a federal right.

1  Accordingly, the claims must be dismissed on this basis as well.

2  **D. CONCLUSION AND RECOMMENDATION**

3  Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
4  under section 1983. Further, the Court finds that the deficiencies outlined above are not capable
5  of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C.
6  § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the
7  Court RECOMMENDS that this action be DISMISSED in its entirety.

8  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
9  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
10 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
11 Court, Eastern District of California. Within THIRTY (30) days after being served with a copy
12 of this Report and Recommendation, any party may file written objections with the Court and
13 serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
14 Judge's Findings and Recommendations." Replies to the Objections shall be served and filed
15 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
16 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

17 The parties are advised that failure to file objections within the specified time may waive
18 the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
19 1991).

21 IT IS SO ORDERED.

22 **Dated:   May 12, 2005**              /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE